UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JESSICA MAYHEW, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>IDEXX LABORATORIES, INC., )<br>)<br>    Defendant. ) | No. 2:23-cv-00285-SDN |

**ORDER ON MOTION TO AMEND**

Plaintiff Jessica Mayhew filed a three-count Complaint (ECF No. 1) on July 21, 2023, against IDEXX Laboratories, Inc. (IDEXX), alleging two violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and a violation of Maine state law. Before the Court are IDEXX's Motion to Dismiss (ECF No. 9), Mayhew's Motion for Leave to File Amended Complaint (ECF No. 12) with the proposed amended six-count complaint included as an attachment (ECF No. 12-1), and both parties' responses (ECF Nos. 21, 22) to this Court's May 3, 2024 Show Cause Order (ECF No. 19). IDEXX opposes Mayhew's motion to amend as futile, arguing that Mayhew's claims are time-barred (ECF No. 15). For the reasons discussed below, Mayhew's Motion for Leave to File Amended Complaint is GRANTED. The Court DEFERS RULING on IDEXX's Motion to Dismiss pending additional briefing.

**I.      Procedural History**

On December 8, 2023, IDEXX moved to dismiss Mayhew's claims as time-barred under the relevant statutes of limitation (ECF No. 9). On January 12, 2024, Mayhew moved for leave to file an amended complaint (ECF No. 12) and included a proposed

amended complaint adding further factual allegations and three additional counts for violations of both Title VII and Maine state law (ECF No. 12-1). In her opposition to the motion to dismiss, also filed January 12, 2024, Mayhew requests deferring argument on the motion to dismiss until the motion for leave to amend is decided (ECF No. 13). IDEXX opposes Mayhew's motion for leave to file an amended complaint, arguing that the proposed additions to her complaint do not save her complaint by stating timely claims (ECF No. 15).

On May 3, 2024, this Court issued a Show Cause Order requiring Mayhew to show good cause in writing as to why this Court should not dismiss her case for failure to adequately plead facts from which the Court can determine whether her Title VII claims are timely and gave her twenty days to do so (ECF No. 19). Specifically, the Court observed that neither the original complaint nor the proposed first amended complaint state when Mayhew filed charges with the Equal Employment Opportunity Commission (EEOC) or whether and when she received a right to sue letter from the EEOC, information that is necessary to determining the timeliness of her claims. *Id.*

## II.   Ruling on Show Cause Order

Mayhew timely responded to the Show Cause Order (ECF No. 21) and attached several "Exhibits" to her argument. Exhibit 1 is her complaint of discrimination submitted to the Maine Human Rights Commission (MHRC) with the box checked next to the text "I also want this filed with the Equal Employment Opportunity Commission (EEOC)" (ECF No. 21-1). The MHRC complaint was signed by both Mayhew (then Jessica Luttrell) and her attorney on August 26, 2021, and stamped as received by the MHRC on September 7, 2021 (*Id.*). Exhibit 2 is a Notice of Charge of Discrimination, EEOC Form 131-A (11/09), addressed to IDEXX and dated September 14, 2021 (ECF No. 21-2).

Exhibits 3 through 6 are various government documents describing the EEOC's workshare relationships with state and local Fair Employment Practices Agencies (FEPAs) (ECF Nos. 21-3 through 21-6). Exhibit 7 is a letter from the MHRC addressed to Luttrell (now Mayhew) dated April 24, 2023, advising her of her right to sue "within two years of the date of the alleged discrimination or within 90 days of this letter, whichever is later" (ECF No. 21-7). Mayhew's response to the Show Cause Order argues that the Court should not dismiss her case but instead should stay the case for thirty days while she requests a right to sue letter from the EEOC (ECF No. 21).

In addition to Mayhew's response to the Show Cause Order, the Court also received Defendant's Response to Show Cause Order on June 4, 2024 (ECF No. 22). IDEXX's response observes that it was not directed to act by the Show Cause Order, but it did so anyway "in order to correct manifest error" (*Id.*). Attached to IDEXX's response is Exhibit A, which is a right to sue letter from the EEOC addressed to Luttrell (now Mayhew) and dated May 26, 2023 (ECF No. 22-1).

Having received Mayhew's complaint of discrimination to the MHRC indicating she also wanted the complaint filed with the EEOC (ECF No. 21-1), Mayhew's letter from the MHRC to Mayhew advising her of her right to sue (ECF No. 21-7), and Mayhew's right to sue letter from the EEOC (ECF No. 22-1), the Court finds that good cause has been shown. The Court does not dismiss the matter at this juncture.

**III.   Discussion**

Mayhew seeks leave to amend her complaint to add additional factual allegations and three further counts of violations of both Title VII and Maine state law (ECF No. 12). IDEXX opposes Mayhew's motion, arguing that her proposed amended complaint still fails to state timely claims under the relevant statutes of limitations and is therefore futile.

3

IDEXX seeks dismissal of Mayhew's claims as time-barred.

**A.    Legal Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed. Fed. R. Civ. P. 15(a)(2). Such leave shall be "freely" granted "when justice so requires," *id.*, but will not be granted "mindlessly" on "every request for leave to amend," *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). When there is no undue delay, bad faith, dilatory motive, or undue prejudice, and the amendment would not be futile, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When a plaintiff moves for leave to amend the complaint while a motion to dismiss is pending, the "court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Fortuna v. Winslow Sch. Comm.*, No. 1:21-cv-00248-JAW, 2022 WL 844046, at *3 (D. Me. Mar. 22, 2022) (quoting *Claes v. Boyce Thompson Inst. for Plant Rsch.*, 88 F.Supp.3d 121, 125 (N.D.N.Y. 2015)). "[T]here is no recognized rule under which a pending motion to dismiss renders premature any motion for leave to amend under Rule 15(a)." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 384 (D. Conn. 2008).

**B.    Analysis**

IDEXX opposes Mayhew's motion for leave to amend on futility grounds. A proposed amended complaint is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Amyndas Pharm., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (quoting *Glassman v. Computervision Corp.*,

4

90 F.3d 617, 623 (1st Cir. 1996)). Therefore, the test for futility is the same as the test for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* An amended complaint that makes sufficient factual allegations, taken as true, to "state a claim for relief that is plausible on its face" is not futile. *See id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, the Court prefers to address the merits of the timeliness arguments on the pending motion to dismiss rather than on the motion to amend. In the interest of efficiency, the Court grants Mayhew's Motion for Leave to File Amended Complaint and will substitute the First Amended Complaint for the original complaint in considering IDEXX's motion to dismiss. *See Fortuna*, 2022 WL 844046, at *4 (citing *Campos v. Louisville Metro Police Officers Credit Union*, No. 3:18-cv-196-CRS, 2018 U.S. Dist. LEXIS 169824, at *14 (W.D. Ky. Sept. 28, 2018) (finding that when there are "pending motions to dismiss and to amend . . . [i]t is simply more efficient to grant the motion to amend and then consider whether the amended complaint can survive the pending motion to dismiss")).

Mayhew has asked the Court to defer argument on timeliness until after the motion to amend is addressed. IDEXX may wish to submit new argument on its Motion to Dismiss in light of the new factual allegations and claims contained in the First Amended Complaint, or it may be satisfied with its current filing. Accordingly, the Court grants the parties seven days to consult with each other and orders the parties to jointly propose filing deadlines for argument on the motion to dismiss.

### IV.  Conclusion

The Court GRANTS Mayhew's Motion for Leave to File Amended Complaint (ECF No. 12) and directs the Plaintiff to file the Amended Complaint on the docket within three business days of the date of this Order. The Court DEFERS RULING on IDEXX's Motion

to Dismiss (ECF No. 9). The Court ORDERS Mayhew and Idexx to jointly propose to the Court a schedule for filing further argument on the Motion to Dismiss within seven days of the filing of Plaintiff's Amended Complaint.

**SO ORDERED.**

Dated this 18 day of October, 2024.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**