UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JESSICA MAYHEW, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>IDEXX LABORATORIES, INC., )<br>)<br>Defendant ) | 2:23-cv-00285-SDN |

**ORDER ON MOTION TO STAY AND
EXTEND DEADLINES**

Plaintiff asks the Court to stay further proceedings and to extend the deadline for Plaintiff to file a response to Defendant's motion to dismiss. (Motion for Stay and Extend Deadlines, ECF No. 27.) Following a hearing on the motion and after consideration of the parties' arguments, the Court denies without prejudice Plaintiff's motion to stay and grants Plaintiff's request for an extension of time.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who asserts claims under Title VII, the Maine Human Rights Act, and the Maine Whistleblower Protection Act, seeks a stay of this matter until after the Court rules on a motion to amend the complaint in a separate action in this Court, *Cavanaugh v. IDEXX Laboratories, Inc.*, 2:23-cv-00273-NT. Through the motion to amend, Plaintiff requests leave to assert a class action. According to Plaintiff, the class action would include Plaintiff's claims.

In response to Plaintiff's original complaint, Defendant filed a motion to dismiss. With her response to the motion, Plaintiff requested leave to amend her complaint. After

the Court granted Plaintiff's motion to amend, Plaintiff filed an amended complaint. Defendant then filed a motion to dismiss the amended complaint.

### DISCUSSION

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706–07 (1997). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons," including the pendency of parallel proceedings. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). Whether the existence of a parallel proceeding warrants the stay of a proceeding requires consideration of various interests and is a case-specific inquiry. *Id.* at 78. "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).

Defendant contends that particularly given the length of time the case has been pending (i.e., eighteen months), the case, including a ruling on Defendant's motion to dismiss, should not be delayed indefinitely as a grant of Plaintiff's request would require. The Court agrees that a stay at this stage of the proceedings is not warranted. The Court discerns no prejudice to Plaintiff if the parties complete their briefing on the motion to dismiss and the Court rules on the motion. The other relevant factors also do not support a stay.

Because the Court discerns no reason to delay resolution of Defendant's motion to dismiss, the Court will deny the request for a stay and direct the parties to complete the

briefing on the motion. The Court recognizes that a different assessment of the stay issue is possible if the Court denies the motion to dismiss. Accordingly, the Court will deny the motion to stay without prejudice to Plaintiff's ability to file a motion to stay if the Court denies the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part and denies in part Plaintiff's motion to stay and to extend deadlines. The Court denies the motion to stay without prejudice to Plaintiff's ability to file a motion to stay if the Court denies the motion to dismiss. The Court grants Plaintiff's request to extend the deadline to file her response to the motion to dismiss. Plaintiff shall file her response to the motion to dismiss on or before February 5, 2025. Defendant's reply memorandum shall be filed in accordance with District of Maine Local Rule 7.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of January, 2025.